**The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, assignee of the Director of Insurance of Illinois, Liquidator of National Health Care Trust, Plaintiff,**

**v.**

**Hillel YAMPOL, Jay Shlofroch, Morris Shlofroch and Benefit Center, Ltd., an Illinois corporation, Defendants.**

**Hillel YAMPOL, Counterplaintiff/Third Party Plaintiff,**

**v.**

**The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Counterdefendant,**

**and**

**Sheldon Robinson and Associated Financial Consultants, Inc., Third Party Defendants.**

No. 83 C 9701.

United States District Court, N.D. Illinois, E.D.

Jan. 26, 1989.

---

Donald E. Casey, Martin L. Silverman, Gary E. Dienstag, Springer, Casey, Haas, Dienstag & Silverman, Chicago, Ill., Daniel J. Zollner, Patricia A. Giannis, Lord, Bissell & Brook, Chicago, Ill., and Larry A. Chambers, Skokie, Ill., for plaintiff.

Gary L. Starkman, Marjorie E. McCollom, Arvey, Hodes, Costello & Burman, Gary Weintraub, Jann, Carroll, Sain, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

This cause is before the court on the motion of plaintiff-counterdefendant, The Mutual Life Insurance Company of New York ("MONY"), to dismiss the counterclaim of defendant/counterplaintiff/third party plaintiff, Hillel Yampol ("Yampol"), and on the motion of third party defendants, Sheldon Robinson ("Robinson") and Associated Financial Consultants, Inc. ("AFC"), to dismiss Yampol's third party complaint. For the reasons herein stated, the motions are granted.

MONY instituted this cause of action in 1983 alleging that defendants, Yampol, Jay Shlofroch, Morris Shlofroch, and Benefit Center, Ltd., breached their fiduciary duties to the National Health Care Trust ("Trust") in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. In filing suit MONY was acting as the assignee of the Illinois Director of Insurance who liquidated the Trust under a state court order. People of the State of Ill. ex rel O'Connor v. Natl. Health Care Trust, et al, No. 82 CH 14 (Order, Feb. 9, 1982). In March, 1986 Yampol filed a counterclaim against MONY and a third party complaint against Robinson and AFC. The counterclaim alleges that MONY had a fiduciary duty to the Trust, under ERISA, in its capacity as claims administrator of the Trust and that by increasing costs to the plan, mishandling claims administration and wasting Trust assets, MONY breached its fiduciary duty and violated provisions of ERISA. The counterclaim also alleges a breach of fiduciary duty in violation of Illinois common law and seeks contribution and punitive damages. The third party complaint also seeks contribution and punitive damages alleging that Robinson and AFC breached their fiduciary duties to the Trust in violation of both ERISA and Illinois state law. MONY has now moved to dismiss the counterclaim and Robinson and AFC have moved to dismiss the third party complaint.

## DISCUSSION

### Count I

Count I of Yampol's counterclaim and third party complaint seeks contribution from his alleged co-fiduciaries, MONY, Robinson and AFC, pursuant to 29 U.S.C. § 1105 of ERISA. This necessarily raises the question of whether ERISA provides for a right of contribution. Without question ERISA does not expressly provide for such a right so the court must determine if an implied right exists.

■ Two cases decided by the Supreme Court in 1981 highlight the court's reluctance to allow contribution under federal statutes that do not expressly provide for it. See Texas Industries, Inc. v. Radcliff Matls., Inc. 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); NW Airlines v. Transport Workers Union, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). These cases establish criteria for determining whether a right to contribution is embodied in a particular federal statute. A right to contribution may arise in either of two ways: first, through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or second, through the power of federal courts to fashion a federal common law of contribution. Texas Industries, 451 U.S. at 638, 101 S.Ct. at 2066. In determining whether a federal statute (such as ERISA) that does not expressly provide for a right of contribution nonetheless implicitly creates such a right, the court's inquiry must focus on whether Congress intended, by clear implication, to create such a right. Factors relevant to this inquiry are the language of the statute

itself, its legislative history, and the underlying purpose and structure of the statutory scheme. *NW Airlines*, 451 U.S. at 91, 101 S.Ct. at 1580.

■ As noted above, ERISA does not expressly create a right of contribution in favor of fiduciaries. This omission, although significant, is not dispositive if the language of the statute indicates that it was enacted for the special benefit of a class of which the claimant is a member. *See NW Airlines*, 451 U.S. at 91–92, 101 S.Ct. at 1580–81. The statutory language of ERISA however reflects Congress' intent to benefit participants in employee benefit plans and their beneficiaries:

"It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions and ready access to the Federal courts."

29 U.S.C. § 1001(b). Yampol, as a fiduciary then, does not appear to be a member of a class for whose especial benefit ERISA was enacted.

Yampol has relied on 29 U.S.C. § 1105(a)[1] as the basis for his claim for contribution against MONY, Robinson and AFC. This provision however merely creates joint and several liability among co-fiduciaries in certain circumstances and is silent on the issue of contribution. Moreover, the Supreme Court has rejected the equation of joint and several liability with a right of contribution. *Texas Industries*, 451 U.S. at 646, 101 S.Ct. 2069–70.

While the statutory language of ERISA then provides little support for the contention that Congress intended by clear implication to create a right of contribution, ERISA's legislative history is also silent as to a right of contribution for a fiduciary or anyone else. *See McClendon v. Continental Group, Inc.*, 7 Employee Benefits Cas. (BNA) 2403, 2407 (D.N.J.1986) [1986 WL 11789]. Indeed even where Congress addressed the issue of joint and several liability of fiduciaries, there is no mention of a right to contribution. *See* H.R.Rep., No. 1280, 93d Cong., 2d Sess. 299–300, reprinted in 1974 U.S.Code Cong. & Ad.News 4639, 5080.

ERISA's structure and underlying purpose are wholly consistent with the legislative history in this regard. "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *NW Airlines*, 451 U.S. at 97, 101 S.Ct. at 1583–84. ERISA is clearly such a statute:

"The six carefully integrated civil enforcement provisions found in § 502(a) [29 U.S.C. § 1132(a)] ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertant omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a 'comprehensive and reticulated statute.'"

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.

---

1. Section 1105(a) provides as follows:
   (a) Circumstances giving rise to liability
   "In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
   (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
   (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
   (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."

2d 96 (1985), quoting *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980) (emphasis in original).

In *Russell* the Supreme Court was "reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA." *Russell*, 473 U.S. at 147, 105 S.Ct. at 3093. Likewise, this court is reluctant to read a right of contribution into the remedial scheme of ERISA.

■ As noted above, federal common law provides a potential basis for finding a right to contribution. *Texas Industries*, 451 U.S. at 638, 101 S.Ct. at 2066. But the instances in which federal courts are authorized to formulate federal common law are limited to those in which a federal rule of decision is necessary to protect uniquely federal interests and those in which Congress has given the courts the power to develop substantive law. *Id.* 101 S.Ct. at 2067. Contribution however "does not implicate 'uniquely federal interests' of the kind that oblige courts to formulate federal common law." *Id.* at 2068. Nor is this a situation in which Congress has given the courts the power to develop substantive law. *McClendon*, 7 Employee Benefits Cas. (BNA) at 2406. As a result the federal common law provides no basis for a fiduciary's right to contribution under ERISA.

Although an analysis of the statutory language, legislative history, and underlying purpose and structure of ERISA indicates that Congress did not intend that parties such as Yampol have a right to contribution, the Seventh Circuit has twice in *dictum* said that contribution is available under ERISA.[2] *See Alton Memorial Hosp. v. Metropolitan Life Ins. Co.*, 656 F.2d 245, 250 (7th Cir.1981); *Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir.1984).

In *Alton Memorial* the court noted in passing that "where an ERISA plan suffers losses and where the plan participants and beneficiaries have established a cause of action on their own behalf or on behalf of the plan assets against one fiduciary,

that fiduciary may seek indemnification or contribution from co-fiduciaries in accordance with 29 U.S.C. § 1105(a)." 656 F.2d at 250. This *dictum* however was more in the nature of a passing assertion than the result of reasoned analysis as the court did not follow the *NW Airlines/Texas Industries* guidelines for statutory construction and did not attempt to examine the statutory language or legislative history of ERISA in an effort to divine Congressional intent.

In *Free v. Briody* the court stated that ERISA allows a co-trustee who has been required to make good a loss to a plan to recoup his loss from his more culpable co-trustee in narrowly appropriate circumstances. 732 F.2d at 1337. The *Free* court found this right to relief in section 1109 of ERISA which provides that:

> "(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

The *Free* court determined that a co-trustee's right to indemnification was within the appropriate equitable relief which the "catchall" remedy phrase at the end of section 1109 empowers courts to grant. *Id.*

This reading of section 1109 however was undercut by the Supreme Court's subsequent decision in *Russell*. In *Russell* the plaintiff, a pension plan beneficiary, sought to hold a fiduciary personally liable for extra-contractual compensatory or punitive damages caused by improper or untimely processing of benefit claims and claimed that section 1109 provided the basis for such a right of action. The *Russell* Court

---

**2.** In a third Seventh Circuit case, *Donovan v. Robbins*, 752 F.2d 1170 (7th Cir.1985), the court assumed, without deciding, that these *dicta* were correct.

rejected this claim arguing that "to read directly from the opening clause of § 409(a) [29 U.S.C. § 1109(a)], which identifies the proscribed acts, to the 'catchall' remedy phrase at the end—skipping over the intervening language establishing remedies benefiting, in the first instance, solely the plan—would divorce the phrase being construed from its context and construct an entirely new *class* of relief available to entities other than the plan." *Russell*, 473 U.S. at 141–42, 105 S.Ct. at 3090 (emphasis in original). The *Russell* Court concluded that "the entire text of § 409 [29 U.S.C. § 1109] persuades us that Congress did not intend that section to authorize any relief except for the plan itself." *Id.* 105 S.Ct. at 3091. *Russell* clearly implies then that a fiduciary's right to contribution cannot be found in section 1109 of ERISA.

As discussed above, an analysis of the statutory language, legislative history, and underlying purpose and structure of ERISA indicates that Congress did not intend for fiduciaries to have a right of contribution and that as a result no such right can be found in ERISA. Seventh Circuit *dicta* to the contrary has been rendered less than compelling by subsequent Supreme Court decisions. Moreover, as the Seventh Circuit noted, *dictum* "is the part of an opinion that a later court, even if it is an inferior court, is free to reject." *U.S. v. Crawley*, 837 F.2d 291, 292 (7th Cir.1988). A court need not give weight to *dictum* found in a previous opinion because it has not been "refined by the fires of adversary presentation [and thus is] ... not a fully measured judicial pronouncement." *Id.* at 293. This court therefore holds that ERISA does not provide for a right of contribution. Accordingly, counterdefendant's and third party defendants' motions to dismiss Yampol's Count I claim for contribution pursuant to the provisions of ERISA are granted.

### Count II

 Count II of Yampol's counterclaim and third party complaint alleges a breach of fiduciary duty in violation of the common law of Illinois and seeks indemnification and punitive damages. While Yampol has alleged that MONY, Robinson and AFC owed fiduciary duties to the Trust, he has failed to allege that these parties owed fiduciary duties to him. Inasmuch as a duty running from defendant to plaintiff is a necessary element of a cause of action for breach of fiduciary duty, Count II of Yampol's counterclaim and third party complaint must fail. Accordingly, counterdefendant's and third party defendants' motions to dismiss Yampol's Count II claim for breach of fiduciary duty are granted.

### CONCLUSION

For the reasons herein stated, counterdefendant's and third party defendants' motions to dismiss Yampol's counterclaim and third party complaint are granted.

IT IS SO ORDERED.