Charles A. Cerise, Jr., James Denman Bercaw, Gelpi, Sullivan, et al., New Orleans, LA, for defendant.

---

Warren A. **MAHER,** James F. Tomeny, Henry H. Collins, Charles N. Mentz, Jr., Phillip R. Maniglia, J. Frank Armstrong,

v.

**STRACHAN SHIPPING COMPANY,** Robert W. Groves III, and Edwin L. Ennis, et al.

Civ. A. No. 92–4182.

United States District Court, E.D. Louisiana.

March 12, 1993.

---

### ORDER AND REASONS

ARCENEAUX, District Judge.

Before the court is third-party defendant, Interstate/Johnson Lane Corporation's ["Interstate"] motion to dismiss third-party amended complaint for failure to state a claim. For the reasons that follow, this court denies the motion to dismiss.

### I. *Background*

Plaintiffs, retired employees of defendant Strachan Shipping Company, filed this action seeking equitable relief under the Employee Retirement Income Security Act ["ERISA"] for defendants' alleged breach of fiduciary duty.[1]

On January 6, 1993, defendants/third-party plaintiffs filed an amended third-party complaint against Interstate/Johnson Lane Corporation. The complaint asserts that if third-party plaintiffs are found liable, Interstate owes the third-party plaintiffs indemnification, contribution, interest and attorney's

---

1. Plaintiffs allege that in terminating the Strachan plan and selecting Executive Life Insurance of California to provide a single premium annui-
ty for the plan participants, the retirement board breached its fiduciary duty to the plaintiffs.

fees.[2] The third-party complaint alleges that any liability of third-party plaintiffs resulted from Interstate's (1) actions as a co-fiduciary; (2) actions in aiding and abetting third-party plaintiff's in their alleged breach of fiduciary duty; (3) malpractice in advising and recommending the purchase of the executive life annuity; and (4) actions as an ERISA service provider to the pension plan.[3]

Interstate argues that a fiduciary may not obtain contribution or indemnity from a co-fiduciary under ERISA and thus, the third-party complaint should be dismissed.

## II. *Law*

ERISA does not expressly provide for contribution and indemnification between fiduciaries. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15 (2d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992); *Mutual Life Ins. Co. v. Yampol,* 706 F.Supp. 596, 597 (N.D.Ill.1989). Thus, this court must determine whether congress intended such a right or whether federal common law should apply.

In *Texas Indus. Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981), the Supreme Court, in deciding whether the federal antitrust laws impliedly created a right of contribution, held that:

a right to contribution may arise in either of two ways: first, through the affirmative creation of a right of action by Congress either expressly or by clear implication; or, second, through the power of federal courts to fashion a federal common law of contribution.

*Id.* at 642, 101 S.Ct. at 2068.

The Supreme Court has upheld the development of a federal common law of rights and obligations under ERISA plans by federal courts. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 16 (2d Cir.1991) (quoting *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989)). As stated by the Supreme Court, courts should adopt general principles of trust law, in developing a federal common law.

ERISA abounds with the language and terminology of trust law.... ERISA's legislative history confirms that the Act's fiduciary responsibility provisions, 29 U.S.C. §§ 1101–1114 (1985), 'codify and make applicable to ERISA fiduciaries certain principles developed in the evolution of the law of trusts.'

*Firestone,* 489 U.S. at 110, 109 S.Ct. at 954.

The circuits are split on the application of trust law to ERISA. However, there is no precedent in the Fifth Circuit. While the Fifth Circuit has recognized the right to apportion liability for breach of fiduciary duty, it has not expressly decided whether co-fiduciaries can receive indemnification and contribution. *Jamail, Inc. v. Carpenters Dist. Council of Houston Pension, etc.,* 954 F.2d 299, 303 (5th Cir.1992). Thus, this court must determine whether to follow the Ninth or Second Circuits.

In *Jamail,* the Fifth Circuit stated that "the application of federal common law to a statute is not an example of the judiciary rewriting legislation ... [because] [w]henever Congress enacts complex and comprehensive legislation, such as ERISA, minor gaps in the legislation are unavoidable." *Id.* at 303.

Both the legislative history and the case law pursuant to ERISA validate our application of federal common law to ERISA. The legislative history explains that due to the broad preemption provisions, "a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans.

*Id.*[4] Similarly, the Second Circuit has reasoned that federal courts, guided by the principles of traditional trust law, are authorized to develop a federal common law under ERISA. *Chemung,* 939 F.2d at 16.

---

2. Defendants and third-party plaintiffs' amended complaint against third-party defendant at 2.

3. Defendants and third-party plaintiffs' amended complaint against third-party defendant at 9–13.

4. In a recent case, the Fifth Circuit held that "[c]ongress intended that federal courts should create federal common law when adjudicating disputes regarding ERISA." *Rodrigue v. Western and Southern Life Ins. Co.,* 948 F.2d 969, 971 (5th Cir.1991).

A fiduciary's right to seek contribution and indemnity is a fundamental principle in trust law. Restatement (Second) of Trusts § 258 (1959);[5] George Gleason Bogert, *The Law of Trusts and Trustees* § 701 (2d ed. rev. 1982)[6]. Thus, this traditional rule should be incorporated into ERISA provisions. *Chemung*, 939 F.2d at 18; *In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1032 (2d Cir.1992).

Third-party defendant Interstate argues that this court should follow the Ninth Circuit which has held that ERISA plan fiduciaries could not maintain an action under ERISA for contribution from co-fiduciaries. *Call v. Sumitomo Bank of California*, 881 F.2d 626, 630–32 (9th Cir.1989); *Kim v. Fujikawa*, 871 F.2d 1427, 1432 (9th Cir.1989). However, this court finds the Second Circuit's reasoning the most persuasive and adopts it.

Thus, third-party defendant's motion to dismiss is without merit. The third-party plaintiffs have a right, as adopted from traditional trust law,[7] to indemnification and contribution from their co-fiduciary, here third-party defendant. Accordingly,

For the foregoing reasons third-party defendant Interstate/Johnson Lane Corporation's motion to dismiss for failure to state a claim is **DENIED**.

**IT IS SO ORDERED.**

---

**5.** Except as stated in Subsection (2), where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other. Restatement (Second) of Trusts § 258 (1959).

**6.** Trustees are jointly and severally liable for breaches of duty with regard to trust investments, as for all other breaches of trust. The beneficiary or successor trustee can collect the full liability from any of the trustees who took part in the breach, actively or inactively. The trustee who is obligated to pay more than his proportionate share of the damage may have a cause of action for contribution against his co-trustees who are equally or more guilty than he.
George Gleason Bogert, *The Law of Trusts and Trustees* § 701 (2d ed. rev. 1982).

**7.** Restatement (Second) of Trusts § 258 (1959); George Gleason Bogert, *The Law of Trusts and Trustees* § 701 (2d ed. rev. 1982); George Gleason Bogert, *Handbook of the Law of Trusts* § 157 (1973) ("Since co-trustees are joint tenants and hold their powers in joint control they are held jointly and severally liable for breaches of trust."). *See also, supra* notes 5 & 6, at 45.