Samuel COHEN and Edith
Freeman, Plaintiffs,

v.

Calvin D. BAKER, et al., Defendants.

Civ. A. No. 92–7397.

United States District Court,
E.D. Pennsylvania.

Feb. 17, 1994.

**290**

Robert H. Louis, Abrahams, Lowenstein, Bushman & Kauffman, Philadelphia, PA, Donald B. Lewis, Law Offices of Donald B. Lewis, Bala Cynwyd, PA, for plaintiffs.

Robert L. Hickok, Pepper, Hamilton & Scheetz, Philadelphia, PA, for defendants Ronald S. Murray, R.F. Grief, J.J. Kinney, Jr., J.W. McKeighan, III.

L. Suzanne Forbis, Robert L. Hickok, Pepper, Hamilton & Scheetz, Philadelphia, PA, for defendants Calvin D. Baker, Donald T. Gutshall, Merton J. Matz, Chester D. May, Caryl M. Kline, Richard L. Boje, Donald R. Caldwell, Richard A. Guttendorf, Jr., Joshua C. Thompson, William H. Bertolet, III, Fredric A. Diegel.

Dennis M. Blackwell, Law Offices of Dennis M. Blackwell, Pittsburgh, PA, for defendants E.G. Staudt, Salvatore A. Certo.

Samuel E. Klein, Dechert, Price & Rhoads, Philadelphia, PA, for defendant W.D. Wagenmann, Jr.

Terry Slease, Clyde H. Slease, Terry Slease, Esq., Pittsburgh, PA, for defendant William M. Jones.

Charles B. McConnell, Jr., pro se.

Stephen J. Mathes, Denise D. Colliers, Hoyle, Morris & Kerr, Laura J. Lifsey, Freedman & Associates, Philadelphia, PA, for defendant Resolution Trust Corp.

## MEMORANDUM

GILES, District Judge.

Samuel Cohen and Edith Freeman ("Cohen" and "Freeman"), beneficiaries of ERISA profit-sharing plans, have complained that defendants (collectively "the Directors") breached their fiduciary duties to the plans. Now, by way of a third-party complaint, the Directors seek contribution and/or indemnification from Cohen and Freeman, as the plans' co-fiduciaries, for any such liability attributed to the Directors. Cohen and Freeman have moved to dismiss the third-party complaint. For the reasons stated below, the motion to dismiss is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 1982, Cohen established a pension/retirement account with Penn Federal Savings & Loan. On January 1, 1987, Freeman established a similar pension plan. ("the Plans"). Cohen and Freeman were named as both administrators and beneficiaries of their respective Plans. Penn Federal Savings & Loan was later acquired by Atlantic Financial Federal ("Atlantic"). After Atlantic took control of the Plans, the balance in several of the individual pension accounts exceeded $100,000.

In 1990, RTC seized control of Atlantic. As receiver, RTC transferred only the Plans' insured deposits at Atlantic to other banks. The Plans' beneficiaries' accounts lost those sums in excess of the $100,000 FDIC insurance limit, allegedly due to the Directors' ERISA violating investment advice and decisions.

The Directors contend that if they are liable Cohen and Freeman are also liable as co-fiduciaries for any loss the Plans sustained, because they allegedly selected or caused to be selected the pension fund investment vehicles. Cohen and Freeman argue that, because they are already party plaintiffs in the lawsuit, the third-party procedure outlined in Rule 14(a) of the Federal

Rules of Civil Procedure is not applicable.[1] Further, they urge, the third party complaint must be dismissed because ERISA does not provide co-fiduciaries with a right of contribution or indemnification.

## II. DISCUSSION

### A. The Federal Rules of Civil Procedure

█ A party to a lawsuit in one distinct capacity is not considered to be a party with regard to other distinct legal capacities. *Alexander v. Todman*, 361 F.2d 744, 746 (3d Cir.1966) (capacity as political party representative different than capacity as individual for purposes of liability). Here, Cohen and Freeman held at least two distinct legal capacities: (1) plan beneficiary and (2) plan administrator. Although Cohen and Freeman were already parties in their capacities as plan beneficiaries, they were not parties in their capacities as ERISA plan fiduciaries. Consequently, the Directors are entitled to maintain a third-party complaint against the separate legal entities of Cohen and Freeman as plan administrators.

### B. Contribution Under ERISA

█ Cohen and Freeman argue that no right to contribution among breaching fiduciaries exists under ERISA. There is no controlling authority within the third circuit regarding the existence of contribution, and the issue remains unsettled elsewhere. *Compare Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 15–18 (2d Cir.1991) (finding right to contribution under ERISA); *with, Kim v. Fujikawa*, 871 F.2d 1427, 1432–33 (9th Cir.1989) (refusing to find right to contribution under ERISA). However, the court finds the reasoning set forth by the second circuit in *Chemung* persuasive and therefore holds that a right of contribution exists under ERISA.

Cohen and Freeman correctly point out that ERISA does not state explicitly that a right to contribution or indemnification exists among co-fiduciaries. However, the Supreme Court has recognized that Congress wanted the courts "to develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989) (*quoting Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987)). When developing this federal common law of ERISA, courts are to be "guided by the principles of traditional trust law." *Chemung*, 939 F.2d at 16 (*citing Firestone*, 489 U.S. at 110, 109 S.Ct. at 954)). It cannot be disputed that the law of trusts traditionally includes the right to contribution among fiduciaries. *Chemung*, 939 F.2d at 16 (*citing* Restatement (Second) of Trusts § 258 (1959)). Consequently, because ERISA does not preclude contribution, and traditional trust law does include it, the court concludes that a right to contribution exists under ERISA's federal common law.

█ Cohen and Freeman contend that an opposing rationale, utilized by the ninth circuit in *Kim, supra,* reflects Congressional intent more accurately. *Kim* construed Congress' silence on the subject of contribution and indemnification as an intent to preclude remedies among breaching fiduciaries, *inter se*. However, mere Congressional silence equally supports a determination that the right to contribution exists. *Chemung*, 939 F.2d at 18. We agree with the second circuit that the legislative history of ERISA shows that Congress did not focus its attention beyond providing remedies to plan beneficiaries and participants and was content to allow gaps to be filled by the courts applying trust law. *Id.*[2]

An appropriate order follows.

1. Rule 14(a) provides: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person *not a party to the action* who is or may be liable to the third-party plaintiff...." Fed.R.Civ.P. 14(a) (emphasis supplied).

2. The *Kim* court also cited *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). There, the Supreme Court refused to imply an additional right to recover compensatory and punitive damages under ERISA. *Russell* is distinguishable because the relief sought would have expanded the exhaustive remedial scheme Congress established for pension plans and plan beneficiaries and would have increased a fiduciary's potential liability. In contrast, the right to contribution does

292

## ORDER

AND NOW, this 15th day of February, 1994, upon consideration of plaintiffs' motion to dismiss defendants' third-party complaint and defendants' response thereto, it is hereby ORDERED that the motion is DENIED.

not affect the plan's recovery and grants no new rights to pension plans or beneficiaries. *Chemung,* 939 F.2d at 16. Contribution is simply an equitable method for apportioning wrongdoing and liability. *Id.*