### John G. GREEN, et al., Plaintiffs,

### v.

### WILLIAM MASON & CO., et al., Defendants.

### Civil Action No. 96–1730.

United States District Court,
D. New Jersey.

Aug. 29, 1997.

----

Robert P. Curely, Cherry Hill, NJ, for John G. Greene, Charles Novaj, Edward J. Smith, E. James Walker, Jr., Charles M. Gutowski and Richard Messina.

Peter L. Skolnick, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, NJ, Harry Frischer, Colin A. Underwood, Solomon, Zauderer, Ellenhorn, Frischer & Sharp, New York City, for Pension Fund Evaluations, Inc. and George W. Phillips.

Jay R. Ziegler, Bachalter, Nemer, Fields & Younger, Los Angeles, CA, John K. Sherwood, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Rosen, Roseland, NJ, for Imperial Bank.

## OPINION

WALLS, District Judge.

This matter comes before the Court upon plaintiffs' motion to dismiss the counterclaim of defendants Pension Fund Evaluations, Inc. ("PFE") and George W. Phillips. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. For the following reasons, plaintiffs' motion is denied.

### BACKGROUND

Plaintiffs are trustees of the Elevator Constructors Union Local No. 1 Annuity and 401(K) Fund ("Fund"), an employee benefit pension plan established for the benefit of elevator constructors and elevator constructor mechanics in the New York metropolitan area, and the Fund itself. In 1991, plaintiffs retained PFE to perform certain services for the Fund, including the preparation of quarterly reports analyzing the aggregate performance of portfolios managed by each of the Fund's investment managers. Plaintiffs further claim that PFE provided general investment advice to the Fund and analyzed the suitability of particular investment decisions.

In 1991, the Fund retained defendant William Mason & Co., Inc. ("WMC") as one of its investment managers. Plaintiffs allege that between 1991 and 1994, WMC invested in derivative securities on behalf of the Fund which were inappropriate. In August 1994, WMC reported a substantial loss on those investments. Shortly thereafter, WMC was terminated as the Fund's investment manager.

On April 19, 1996, plaintiffs brought this lawsuit in the United States District Court of New Jersey. They allege that defendants WMC, its principal William Mason, and its parent company Heritage Asset Management, Inc. have violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C.A. §§ 1001–1461 by making inappropriate investments. Plaintiffs have also sued PFE and its director, George W. Phillips (collectively "PFE"), for breach of fiduciary duties. Plaintiffs allege that PFE knew or should have known that WMC's investment in derivative securities was inappropriate and that it violated its duties under ERISA by failing to disclose that information to plaintiffs. In addition to ERISA violations, plaintiffs assert common law fraudulent misrepresentation, conspiracy, negligence, and breach of contract claims against the defendants.

In response to the Complaint, PFE denies that it played any role in WMC's investment activities and claims that it fully performed its responsibilities under ERISA as well as the terms of its agreement with the Fund. Further, PFE has asserted a counterclaim against the trustee plaintiffs seeking indemnification or contribution from them for any damages assessed against it based on the plaintiffs' ERISA and state law claims. PFE argues that it is entitled to indemnification or contribution because the trustee plaintiffs were aware of the nature of WMC's trades and had access to essentially the same information it did concerning WMC's investment activities. Therefore, PFE argues that if it is found to have breached its duties to the Fund under ERISA, the trustees must also have violated their duties to the Fund by authorizing or acquiescing in WMC's activities and failing to take action to prevent or limit the Fund's losses.

Plaintiffs now move to dismiss PFE's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that neither ERISA's statutory scheme nor federal common law permits contribution and indemnification between co-fiduciaries. In response, PFE argues that its counterclaim is authorized by federal common law of trusts underlying ERISA or alternatively, by § 502(a)(3) of ERISA.

### DISCUSSION

A. *Legal Standard*

Under Fed.R.Civ.P. 12(b)(6), a plaintiff's complaint must be dismissed for failure to state a claim if a defendant demonstrates "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on a 12(b)(6) motion, the court is required to accept as

true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). Moreover, in assessing motions to dismiss, courts must be cautious, "particularly where granting such a motion would terminate the litigation before the parties have had their day in court." *Kiser v. General Electric Corp.,* 831 F.2d 423, 427 (3d Cir.1987). When the motion is directed as a counterclaim, the standard is the same: the assertions of the counterclaim are assumed to be true; all reasonable inferences are drawn in favor of the counterclaim-plaintiff; and the counterclaim may only be dismissed if there is no set of facts under which it could state a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991).

## B. *Analysis*

Congress enacted ERISA to provide employee benefit plan participants and beneficiaries with a comprehensive system for adjudicating claims brought against fiduciaries responsible for overseeing the administration of the various plans protected by the statute. *See* 29 U.S.C. § 1001(b). The United States Supreme Court has explained that the right to seek contribution or indemnification under a federal statute may arise either (1) where Congress has expressly or by clear implication created such a right, or (2) where federal courts have fashioned such a remedy under federal common law. *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 638–640, 101 S.Ct. 2061, 2065–67, 68 L.Ed.2d 500 (1981). As plaintiffs correctly observe, ERISA does not expressly provide for contribution and indemnification between co-fiduciaries. While there is no general federal common law, the Supreme Court has explained that the federal courts have the authority to create such law when a "federal rule of decision is necessary to protect uniquely federal interests" and when "Congress has given the courts the power to develop substantive law." *Id.* at 640, 101 S.Ct. at 2067.

The Third Circuit has not yet addressed whether ERISA permits claims for contribution or indemnity among fiduciaries. In *Cohen v. Baker,* 845 F.Supp. 289 (E.D.Pa.1994), the only district court within this circuit to consider this issue held that claims for contribution among breaching fiduciaries of an employee benefit plan are cognizable under federal common law. In so ruling, the court primarily relied upon the Second Circuit's analysis in *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12 (2d Cir. 1991). In *Chemung,* the Second Circuit held that ERISA does not preclude fiduciaries from seeking contribution or indemnity from other fiduciaries. The Second Circuit observed that the United States Supreme Court has directed federal courts " 'to develop a federal common law of rights and obligations under ERISA-regulated plans' " and explained that ERISA's legislative history "confirms that its fiduciary responsibility provisions ... 'codify and make applicable to ERISA fiduciaries certain principles developed in the evolution of the law of trusts.' " *Id.* at 16 (quoting *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989) (internal quotations omitted)).

Guided by traditional trust law principles, the Second Circuit noted that "the right of contribution among co-trustees has been for over a century, and remains, an integral and universally recognized part of the trust doctrine." *Id.* (citing Restatement (Second) of Trusts § 258 (1959)). (additional citations omitted). Accordingly, the court held that this right to contribution must also be recognized as a part of ERISA. In so ruling, the court remarked that "even a breaching fiduciary should be entitled to the protection of contribution that has been traditionally granted fiduciary defendants under the equitable provisions of trust law." *Id.* A number of other courts have agreed with *Chemung's* analysis, and likewise have permitted claims of contribution or indemnity among co-fiduciaries. *See, e.g., Duncan v. Santaniello,* 900 F.Supp. 547, 550–51 (D.Mass.1995); *Maher v. Strachan Shipping Co.,* 817 F.Supp. 43, 44–45 (E.D.La.1993); *Jones v. Trevor, Stewart, Burton and Jacobsen, Inc.,* 1992 WL 252137 (N.D.Ga.1992).

Plaintiffs argue that PFE is not entitled to contribution or indemnification because neither ERISA's language nor its legislative history suggests that Congress-extended to the federal courts the power to develop substantive law in this area. Moreover, they argue that the *Chemung* is flawed because it relied on "convoluted negative reasoning" in concluding that Congress's silence on the issue of contribution and indemnification among co-fiduciaries provides the authority to infer a right of contribution. Instead, plaintiffs urge the Court to follow Judge Altimari's dissent and several other district courts which have expressly disallowed claims for indemnification and contribution. *See Chemung*, 939 F.2d at 18–19 (Altimiri J. dissenting); *Daniels v. National Employee Benefit Services, Inc.*, 877 F.Supp. 1067 (N.D.Ohio); *Schloegel v. Boswell*, 766 F.Supp. 563 (S.D.Miss.1991); *Mutual Life Insurance Co. of New York v. Yampol*, 706 F.Supp. 596 (N.D.Ill.1989).

This Court, however, is not persuaded by the reasoning for these decisions. The courts have construed Congress's failure to expressly provide for contribution among fiduciaries despite of its knowledge of traditional trust law principles as a rejection of a scheme of contribution and indemnification. Instead, the Court is more persuaded by the reasoning of *Chemung* and other courts, which have interpreted Congress's silence as reflecting that in enacting ERISA, it focused on "providing remedies to plan beneficiaries and participants and was content to allow gaps to be filled by the courts applying trust law." *Cohen*, 845 F.Supp. at 291. Moreover, the court believes that disallowing claims for contribution or indemnification would frustrate "ERISA's purpose of deterring pension plan abuse" by allowing breaching fiduciaries "to escape the consequences of their actions." *In re Masters Mates & Pilots Pension Plan and IRAP Litigation*, 957 F.2d 1020, 1029 (2d Cir.1992). Accordingly, this Court finds that defendants have asserted a valid counterclaim for contribution or indemnity and denies plaintiffs' motion to dismiss.

### CONCLUSION

For the reasons discussed, plaintiffs' motion to dismiss defendants' counterclaim is denied.

### ORDER

This matter comes before the Court upon plaintiffs' motion to dismiss the counterclaim of defendants Pension Fund Evaluations, Inc. ("PFE") and George W. Phillips. Having reviewed the record,

It is on this 29th day of August 1997;

ORDERED that plaintiffs' motion is **denied.**