Ivy COOPER, et al., Plaintiffs,

v.

Robert L. KOSSAN, et al., Defendants.

Robert L. KOSSAN, Third–
Party Plaintiff,

v.

Robert L. PARRIS, Third–
Party Defendant.

Civil Action No. 97–1294–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 2, 1998.

Richard D. Carter, Hudgins, Carter & Coleman, Alexandria, VA, for Plaintiffs.

Marc A. Busman, Fairfax, VA, for Defendant Robert Kossan.

Mark Bodner, Fairfax, VA, for Defendants Mary Kossan and Fran Kossan.

Bruce Blanchard, Odin, Feldman & Pittleman, P.C., Fairfax, VA, for Third–Party Defendant Parris.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

This action began when the plaintiffs, participants and beneficiaries of an employee pension benefit plan maintained by their former employer ("the Plan"), brought suit against Robert L. Kossan ("Kossan") and others, alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1102 *et seq.* ("ERISA"). Kossan, both individually and in his capacity as trustee for the Plan, then filed a Third Party Complaint, seeking contribution from Robert L. Parris, a co-fiduciary, and payment of promissory notes that are due and owing to the Plan. Before the Court is Parris' Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) and (6).

### I.

The Amended Third Party Complaint alleges two counts against Parris. Count I alleges that Parris, a Plan trustee, borrowed monies from the Plan and gave promissory notes to the Plan to evidence that borrowing. Kossan further alleges that the notes, totaling $572,284.02, have matured and that Parris has failed to repay the notes despite demand. Kossan, asserting that as trustee he has a right to recover such amount on behalf of the Plan, seeks a judgment against Parris and in favor of Kossan as trustee, in the amount of $572,284.02. Kossan further requests that any monies recovered from Parris be placed in escrow for the benefit of the plaintiffs.

Count II alleges that Kossan and Parris are jointly and severally liable, as co-trustees, to the Plan for the total monies bor-

rowed by each. Kossan further alleges that he is entitled to contribution from Parris to the extent of the monies borrowed by Parris and to reimbursement from Parris in an amount that equals the amount of the unpaid judgment.[1] Thus, on this count, Kossan, individually, seeks a judgment against Parris, individually, in the amount of $572,284.02.

## II.

In his Motion to Dismiss, Parris argues (1) that ERISA does not create or recognize a claim for contribution between co-fiduciaries of a retirement plan; (2) that Kossan does not have standing to maintain a contractual action in his own name, or for his own benefit, on notes allegedly made between Parris and the Plan, or on his ERISA claim; and (3) that the Court does not have subject matter jurisdiction over Kossan's contract claim.

### A. *Contribution claims under ERISA*

There is a split among the circuits on the issue of whether contribution among fiduciaries exists under ERISA.[2] The courts that have determined that no such right exists reason that ERISA provides remedies only for beneficiaries of a plan, or for a plan itself, to recover lost monies from the fiduciaries who caused the losses, and that ERISA does not provide relief for the fiduciaries themselves. *See, e.g., Kim v. Fujikawa,* 871 F.2d 1427, 1432–33 (9th Cir.1989); *Daniels v. National Employee Benefit Servs.,* 877 F.Supp. 1067, 1074 (N.D.Ohio 1995); *NARDA, Inc. v. Rhode Island Hosp. Trust Nat'l Bank,* 744 F.Supp. 685, 695–98 (D.Md.1990). Furthermore, these courts reason that the expansive and detailed nature of ERISA reflects that it was a complete expression of Congress' intent and that Congress did not intend to authorize other remedies that it did not expressly incorporate. *See, e.g., Kim,* 871 F.2d at 1432. Parris asserts that these arguments are particularly applicable where, as here, the party seeking contribution is a wrongdoer under ERISA. *See id.* at 1433.

One of the cases on which Parris relies is *North Carolina Life & Accident & Health Ins. v. Alcatel,* 876 F.Supp. 748 (E.D.N.C.), *aff'd,* 72 F.3d 127 (4th Cir.1995). We address this decision specifically because it was affirmed by the Fourth Circuit. Parris relies on the statement:

> Further, this court interprets ERISA as creating neither an express nor an implied right to indemnification between a plan fiduciary and a non-fiduciary and has specifically stated its "doubts that any claim for indemnification or contribution should be read into ERISA."

*Id.* at 756 (quoting *Brock v. Gillikin,* 677 F.Supp. 398, 402–03 (E.D.N.C.1987)). That case is not directly on point, however, because that statement was made in the context of a plaintiff who was a potential subrogee and neither a plan participant nor a fiduciary. Accordingly, the court found that the plaintiff did not have standing under ERISA to bring a claim for breach of fiduciary duty. Moreover, it should be emphasized that the court found no implied right of indemnification between a plan fiduciary and a non-fiduciary. In Parris' case, he too is a fiduciary.

Furthermore, the decision quoted in *Alcatel* states in full:

> This court doubts that any claim for indemnification or contribution should be read into ERISA. In any event, under the facts of this case there is no claim for indemnification. Ellis Jones, Jr. [the third-party defendant], was not aware of and did not facilitate William W. Gillikin's [the defendant/third-party plaintiff] violations. Gillikin was clearly the active wrongdoer during the period in question.

*Brock,* 677 F.Supp. at 402–03. Thus, the court, without definitively stating whether a claim for contribution exists under ERISA, found that even assuming a right of contribution, such a claim would not arise under the facts of that case. Here, at this point in the proceedings, it is unclear whether Parris is a "wrongdoer," although Kossan certainly has

---

1. On December 12, 1997, this Court granted summary judgment in favor of plaintiffs and against Kossan in the amount of $235,417.88. That judgment was partially satisfied when the Court ordered the amount of $118,511.30, previously held in escrow, be released to the plaintiffs.

2. The Fourth Circuit has not addressed the issue.

made that claim. For all of these reasons, the Eastern District of North Carolina cases cited by Parris do not support his position.

We find that the reasoning of the courts that allow a claim for contribution is more persuasive. *See, e.g., Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15–18 (2d Cir.1991); *Free v. Briody,* 732 F.2d 1331, 1337–38 (7th Cir.1984). These courts interpret Congress' silence on the issue of contribution as a reflection that it was focusing on "'providing remedies to plan beneficiaries and participants and was content to allow gaps to be filled by the courts applying trust law.'" *See Green v. William Mason & Co.,* 976 F.Supp. 298, 301 (D.N.J.1997) (quoting *Cohen v. Baker,* 845 F.Supp. 289, 291 (E.D.Pa.1994)). These courts also state that disallowing claims for contribution will frustrate ERISA's purpose of deterring plan abuse by allowing breaching fiduciaries to escape the consequences of their actions. *See id.* Indeed, applying the principles of traditional trust law, the Second Circuit found that the federal courts were authorized to develop a federal common law under ERISA. *See Chemung,* 939 F.2d at 15–18. In finding that a right of contribution exists under ERISA, the court stated: "There is no reason why a single fiduciary who is only partially responsible for a loss should bear its full brunt. Full responsibility should not depend on the fortuity of which fiduciary a plaintiff elects to sue." *Id.* at 16.

The reasoning of these cases is particularly persuasive in a case like the one now before the Court, where Kossan has filed for bankruptcy and only half of the plaintiffs' judgment has been satisfied. Indeed, the contribution claim does not conflict with ERISA's enforcement scheme, and it promotes both the enforcement of strict fiduciary standards of care as well as the beneficiaries' best interests. *See Duncan v. Santaniello,* 900 F.Supp. 547, 551 (D.Mass.1995) (citing *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 157–58, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). It should also be noted that allowing Kossan to proceed with this cause of action does not guarantee that Parris will be found liable, as he may prevail on the merits.

**B. *Standing***

Parris argues that Kossan does not have standing to pursue the claims asserted against him because (1) Kossan is not a party to the alleged promissory notes and therefore cannot sue on these notes for his personal benefit; and (2) any recovery to redress a violation of ERISA must be on behalf of the plan and not an individual fiduciary.

Parris is mistaken. In Count I of the Amended Third Party Complaint, Kossan does not sue in his personal capacity. Instead, he sues as "Trustee" and seeks entry of "Judgment in favor of Robert L. Kossan, Trustee." Furthermore, the Third Party Complaint asks that "any recovery pursuant to this Count be placed in escrow for the exclusive benefit of the plaintiffs herein." As to Parris' second argument, we have already found that it is consistent with ERISA principles to extend to Kossan a right of contribution.

**C. *Subject Matter Jurisdiction***

Parris argues that the Court should dismiss the claims asserted against him for lack of subject matter jurisdiction. He argues that the claim on the promissory notes is a state-law claim and that the Court should exercise its discretion not to hear it. In light of our finding that ERISA does allow a claim for contribution, however, Parris' argument is moot.

**III.**

For the reasons stated in this Memorandum Opinion, third-party defendant's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) and (6) will be denied, and an appropriate order will issue.

***ORDER***

For the reasons stated in an accompanying Memorandum Opinion, third-party defendant's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) and (6) is DENIED.