**SITE–BLAUVELT ENGINEERS, INC., et al., Plaintiffs,**

v.

**FIRST UNION CORP., et al., Defendants and Third– Party Plaintiffs,**

v.

**Walter Riebenack, et al., Third– Party Defendants.**

**No. CIV A 00–CV–1706.**

United States District Court, E.D. Pennsylvania.

June 25, 2001.

Hugh Hutchinson, Leonard Tillery & Sciolla, LLP, Philadelphia, PA, for Plaintiffs.

Joseph G. DeRespino, Raeder & DeRespino, P.C., Joseph P. Trabucco, Kelly, McLaughlin & Foster, LLP, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This is an Employee Retirement Insurance Security Act ("ERISA") case. In their third-party complaint, Defendants and Third–Party Plaintiffs First Union Corporation, First Union National Bank, CoreStates Bank, NA, and New Jersey National Bank (collectively "Defendants" or "Third–Party Plaintiffs") allege that Third–Party Defendants Walter Riebenack, John W. Gildea, and J.C. Mendel, individually and as former trustees of the Site Engineers, Inc. 401(k) Plan (collectively "Third–Party Defendants") committed (1) breach of fiduciary duty; (2) negligence; and (3) breach of contract. As a result of Third–Party Defendants' alleged violations, Third–Party Plaintiffs seek contribution and/or indemnity. Presently before the Court is Third–Party Defendants' Motion to Dismiss the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, we will deny the Motion.

### BACKGROUND

In March 2000, Plaintiffs Site–Blauvelt, Inc. and CNA Trust Corporation ("Plaintiffs") filed a complaint against Defendants, alleging that Defendants breached

certain fiduciary duties in their management of Site–Blauvelt's 401(k) retirement plan. Currently, the only remaining claim against Defendants is Count I, which alleges a violation of ERISA, 29 U.S.C. § 1001, *et seq.* In December 2000, Defendants (acting as Third–Party Plaintiffs) filed a third-party complaint seeking contribution and/or indemnity from Third–Party Defendants if Third–Party Plaintiffs are found liable to Plaintiffs in the underlying ERISA action. In the instant Motion to Dismiss, Third–Party Defendants now argue that Third–Party Plaintiffs' claims are preempted by ERISA and are barred by the applicable statute of limitations.

## DISCUSSION

### I. *ERISA Preemption*

■ The principle question presented in this case is whether a right to contribution and indemnification among fiduciaries exists under ERISA. There is significant disagreement on this issue among both Circuit and District Courts. *Compare Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15–18 (2d Cir.1991) (finding right to contribution under ERISA); *Green v. William Mason & Co.,* 976 F.Supp. 298, 300–01 (D.N.J.1997) (same); *Cohen v. Baker,* 845 F.Supp. 289, 291 (E.D.Pa.1994) (same) *with Kim v. Fujikawa,* 871 F.2d 1427, 1432–33 (9th Cir. 1989) (refusing to recognize right to contribution under ERISA); *Roberts v. Taussig,* 39 F.Supp.2d 1010, 1012 (N.D.Ohio 1999) (same); *Schloegel v. Boswell,* 766 F.Supp. 563, 565–68 (S.D.Miss.1991) (same).

ERISA's text does not explicitly allow for a right to contribution or indemnification. The United States Supreme Court has explained, however, that a right to contribution or indemnification may arise where federal courts have created such a remedy under federal common law. *See Texas Indus., Inc. v. Radcliff Materials,*

*Inc.,* 451 U.S. 630, 638–39, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981). More directly relevant to this case, the Supreme Court has also recognized that Congress wanted courts "to develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989) (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987)). The question here is whether a right to contribution and indemnification exists under ERISA's federal common law. The courts that have answered that question in the affirmative all have based their conclusion on similar reasoning. They begin by noting that courts are to be guided by principles of traditional trust law when developing federal common law under ERISA, and that trust law generally includes a right to contribution among fiduciaries. *See, e.g., Chemung,* 939 F.2d at 16; *Cohen,* 845 F.Supp. at 291. These courts then reason that, because ERISA does not preclude contribution, and because traditional trust law includes contribution, a right to contribution exists under ERISA's federal common law. *See Chemung,* 939 F.2d at 16; *Green,* 976 F.Supp. at 300–01; *Cohen,* 845 F.Supp. at 291. In contrast, courts that have refused to find a right to contribution or indemnification under ERISA maintain that Congress's silence on the question of contribution and indemnification, in the context of such an expansive and intricately drafted statute like ERISA, indicates an intent to preclude those remedies. *See, e.g., Kim,* 871 F.2d at 1432–33; *Roberts,* 39 F.Supp.2d at 1012–13.

The Third Circuit has not addressed this specific question. Two district courts in this Circuit, however, have adopted the reasoning of *Chemung* and held that the right to contribution and indemnification

exists under ERISA's federal common law. *See Green,* 976 F.Supp. at 300–01; *Cohen,* 845 F.Supp. at 291. We agree with *Green* and *Cohen* that the reasoning of *Chemung* is persuasive and, as a result, reach the same conclusion. As now-Chief Judge Giles stated in *Cohen,* "the legislative history of ERISA shows that Congress did not focus its attention beyond providing remedies to plan beneficiaries and participants and was content to allow gaps to be filled by the courts applying trust law." *Id.* at 291. Following the dictates of established trust law, we find that the right to contribution and indemnification among fiduciaries exists under ERISA's federal common law. As a result, we reject Third–Party Defendants' preemption argument.

II. *Statute of Limitations*

▮ Third–Party Defendants next argue that the statute of limitations bars Third–Party Plaintiffs' claims. To that end, they spend several pages attempting to demonstrate that Third–Party Plaintiffs' claims are beyond ERISA's three-year statute of limitation for claims alleging a breach of fiduciary duty in the administration of an ERISA plan. *See* 29 U.S.C. § 1113(2). Regardless of whether Third–Party Defendants' allegations are accurate, they are immaterial to our inquiry. It is long-settled that claims for indemnification or contribution do not arise until the party seeking contribution or indemnity has had a judgment rendered against it or upon payment of a claim. *See, e.g., Sea–Land Serv., Inc. v. United States,* 874 F.2d 169, 171–72 (3d Cir.1989); *Shouey v. Duck Head Apparel Co., Inc.,* 49 F.Supp.2d 413, 422–23 (M.D.Pa.1999); *Rubin Quinn Moss Heaney & Patterson, P.C. v. Kennel,* 832 F.Supp. 922, 934–35 (E.D.Pa.1993). Because neither of those events has occurred, Third–Party Plaintiffs' claims have not ac-

crued and cannot be barred by the statute of limitations.

### CONCLUSION

For the foregoing reasons, we will deny Third–Party Defendants' Motion to Dismiss in its entirety.