**Jeffrey M. ROBERTS, et al., Plaintiffs,**

v.

**Jeffrey L. TAUSSIG, et al., Defendants.**

**No. 4:98CV1441.**

United States District Court,
N.D. Ohio,
Eastern Division.

March 22, 1999.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motion of Plaintiffs for Order Dismissing the Counterclaims against Jeffrey M. Roberts for Failure to State a Claim [F.R.Civ.P. 12(b)(6) ] (Dkt. # 27, ECF # 48).

The Complaint alleges that Defendants caused the Employee Stock Ownership Plan ("ESOP") to repay a loan from sale proceeds (First Claim for Relief), and diverted a portion of the ESOP sale proceeds to Defendant, International Paper Company ("IPC") (Second Claim for Relief), in violation of the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

In their answer, Defendants, IPC and Taussig's Graphic Supply, Inc. ("TGS") assert counterclaims against Jeffrey M. Roberts ("Roberts"), as a former member of the ESOP Administrative Committee, for breach of fiduciary duty (Counterclaim 1), equitable indemnification (Counterclaim 2), and contribution (Counterclaim 3).

Plaintiffs contend that no right of contribution or indemnification is available under

ERISA. Furthermore, Plaintiffs argue that count 1 is a disguised claim for contribution, and, therefore, must be dismissed along with Counterclaims 2 and 3.

"A Motion to Dismiss may only be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544 (6th Cir.1991) *citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purposes of a motion to dismiss, "all allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." *Ang*, 932 F.2d at 544.

A fiduciary may bring a civil action under ERISA for the following purposes:

> for appropriate relief under section 1109 of this title; [and] ... (A) to enjoin any act or practice which violates any provision of this subchapter or the terms or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan.

29 U.S.C. § 1332(a)(2), and (3).

■ A fiduciary may be liable to a plan for his own breach pursuant to 29 U.S.C. § 1109[1], or for the breach of a CO-fiducia-ry under specific circumstances set forth in 29 U.S.C. § 1105(a).[2]

Counterclaim 1 states, in pertinent part,

4. To the extent that there was a breach or breaches of fiduciary duty or duties owed to the Taussig ESOP as a result of the execution of the Stock Purchase Agreement, Roberts is liable to [International Paper Company Salaried Savings Plan] pursuant to Sections 405(a)(1), (2), and (3), and 1109. Roberts is liable to IPSSP because that plan is the successor in interest to the Taussig ESOP, and because Roberts: i) failed to discharge his affirmative fiduciary duty to the Taussig ESOP to prevent the Taussig ESOP from being harmed; ii) had knowledge of the other breaches of fiduciary duty and failed to make reasonable efforts to remedy that breach; iii) participated knowingly in the acts and omissions constituted a breach; and iv) breached the responsibilities, obligations, and duties that he had as a fiduciary.

5. Accordingly, if Plaintiffs establish liability in this action, Roberts should be held jointly and severally liable and ordered to contribute the amount established as damages and his profit to IPSSP.

■ "Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and

---

**1.** Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. 29 U.S.C. § 1109 (emphasis added).

**2.** In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of an-other fiduciary with respect to the same plan in the following circumstance:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act of omission is a breach;
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a) and 1105(a)(3).

the grounds upon which it rests." *Vector Research. Inc. v. Howard & Howard,* 76 F.3d 692, 697 (6th Cir.1996) *quoting in part Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore, Counterclaim 1 is a properly plead claim for breach of fiduciary duty under 29 U.S.C. § 1105(a).

■ On the other hand, Counterclaims 2 and 3 allege a right to indemnification and contribution in the event that Defendants are found liable.

ERISA does not expressly provide for a right of contribution or indemnification. The Sixth Circuit has yet to decide whether a contribution claim exists under the ERISA scheme. However, other circuits have split on the issue. *See Kim v. Fujikawa,* 871 F.2d 1427, 1432 (9th Cir.1989) (ERISA only establishes remedies for the benefit of the plan and therefore cannot be read as providing for an equitable remedy of contribution in favor of a breaching fiduciary); *But cf. Free v. Briody,* 732 F.2d 1331, 1337 (7th Cir.1984); *Chemung Canal Trust Co. V. Sovran Bank,* 939 F.2d 12 (2nd Cir.1991), *cert. den'd,* 505 U.S. 1212, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992).

Having reviewed the existing law within the circuits, as well as the reasoning in several district court cases, it is the opinion of this Court that there is no right to contribution or indemnification under ERISA. *See Scholoegel v. Boswell,* 766 F.Supp. 563 (S.D.Miss.1991); *NARDA v. Rhode Island Hospital Trust,* 744 F.Supp. 685 (Maryland 1990).

Defendants argue that ERISA is rooted in trust law, which has traditionally allowed contribution claims among co-fiduciaries, and that the Court may permit a contribution claim as "other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1009.

These arguments ignore the pervasive effect of ERISA on state law, as well as the plain language of the statute. Congress has provided that ERISA "shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. § 1144(a). The Supreme Court has observed that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) *quoting Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Consequently, in view of the exclusiveness of the ERISA regulatory scheme, this Court confines itself to the express terms of ERISA and its surrounding body of common law to determine the validity of IPC and TSG's Counterclaims 2 and 3.

Moreover, 1974 U.S.Code Cong. And Admin.News, p. 4639, 5080, of the House Conference Report No. 93–1280 in the subsection entitled "Liability for Breach of Co-fiduciary Responsibility—In General" makes no mention of a right to contribution or indemnification.

Finally, Defendants' theory as to equitable relief authorized by 20 U.S.C. § 1109 is undercut by the Supreme Court ruling in *Mass. Mutual Life Ins. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In *Russell,* the Plaintiff a pension fund plan beneficiary, sought to hold a fiduciary liable for extra-contractual compensatory and punitive damages caused by improper or untimely processing of benefit claims under § 1109. The *Russell* Court rejected plaintiff's claim stating that "to read directly from the opening clause of § 409(a) [29 U.S.C. § 1109(a) ], which identifies the proscribed acts, to the 'catch-all' remedy phrase at the end—skipping over the intervening language establishing remedies benefitting, in the first instance, solely the plan—would divorce the phrase being construed from its context and construct an entirely new class of relief available to entities other than the plan." *Id.* at 141–42. The *Russell* Court concluded that "the entire text of § 409 [29 U.S.C. § 1109] persuades us that Congress *did*

*not intend that section to authorize any relief except for the plan itself."* *Id.* at 144 (Emphasis added).

*Russell* implies that a fiduciary's right to contribution cannot be found in § 1109. "Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Id. quoting Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *Id. quoting Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 97, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981).

It is the opinion of this Court that ERISA does not contain a right of contribution or indemnity. Accordingly, IPC and TSG's Counterclaims 2 and 3 against Roberts are hereby **DISMISSED.**

**IT IS SO ORDERED.**