Max MAY, an individual resident of Horn Lake, Desoto County, Mississippi, individually and in his capacity as a member of the Administrative Committee of the Memphis Equipment Company Employee Stock Ownership Plan, et al., Plaintiffs,

v.

NATIONAL BANK OF COMMERCE, a banking corporation organized under the laws of the United States of America, in its corporate capacity and as Trustee of the Memphis Equipment Company Employee Stock Ownership Plan, and Lawrence Scott, an individual resident of Cordova, Shelby County, Tennessee, Defendants.

No. 03–2112 M1/A.

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 27, 2004.

See, also, 2004 WL 3522684.

John J. Heflin, III, Kenneth P. Jones, Bourland Heflin Alarez & Minor, Memphis, TN, for Plaintiffs.

John I. Houseal, Jr., Larry Montgomery, Glankler Brown, PLLC, Memphis, TN, Jeremy G. Alpert, Marc Louis Schatten, Glankler Brown, Memphis, TN, for Defendants.

Bobby M. Leatherman, Jr., Leatherman Law Office, Memphis, TN, for Lawrence Scott, an individual resident of Cordova, Shelby County, Tennessee, defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM OF LAWRENCE SCOTT

MCCALLA, District Judge.

Before the Court is Plaintiffs' Motion to Dismiss Counterclaim of Lawrence Scott, filed July 17, 2003. Defendant Scott responded in opposition on August 19, 2003. For the following reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

This case concerns the Memphis Equipment Company, Inc. Employee Stock Ownership Plan (the "MEC ESOP"), which, prior to January 29, 1999, held all of the stock of Memphis Equipment Company, Inc. ("MEC"). Plaintiffs claim that Defendant Scott fraudulently obtained 100% of the stock in MEC from the MEC ESOP.

Plaintiffs assert that Defendant Scott caused MEC to redeem all but one share of its stock, which he then purchased from the MEC ESOP for the sum of $7.78 without the knowledge of the MEC ESOP, the participants in the MEC ESOP, or the other members of the administrative committee for the MEC ESOP. Plaintiffs also allege that Defendant Scott used corporate funds for his own personal benefit. Plaintiffs also sue National Bank of Commerce ("NBC"), the trustee for the MEC ESOP, in connection with the transaction. Plaintiffs bring claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), and Tennessee state law.

After Plaintiffs filed their Amended Complaint, Defendant answered and filed a counterclaim under 29 U.S.C. § 1109 on behalf of himself, as a participant in the MEC ESOP, and all other participants. The counterclaim continues to deny that Defendant Scott committed any wrongdoing, but asserts that if he engaged in improper conduct then Mr. May and Mr. Thompson, as the other members of the administrative committee of the MEC ESOP, are also liable for negligence and breach of fiduciary duty to the MEC ESOP because they failed to discover his alleged wrongdoing sooner. Plaintiffs now move to dismiss this counterclaim.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint (or the counterclaim, in this case) as true, *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir.1992), and must construe all of the allegations in the light most favorable to

the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "A court may dismiss a [claim] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## II. ANALYSIS

Plaintiffs May and Thompson move to dismiss the counterclaim against them in their capacity as fiduciaries. They argue that ERISA does not permit a fiduciary to file a claim against another fiduciary for contribution. *See, e.g., Kim v. Fujikawa,* 871 F.2d 1427, 1432–33 (9th Cir.1989).

In response, Defendant Scott maintains that while he does bring a counterclaim for contribution among fiduciaries under 29 U.S.C. § 1105, he also asserts a counterclaim against Plaintiffs May and Thompson in his capacity as a participant in the MEC ESOP. Citing no case law, he alleges that, in the event he caused losses to the MEC ESOP through his purchase of the MEC stock, Plaintiffs May and Thompson breached their fiduciary duties to the MEC ESOP by failing to discover his wrongdoing sooner. Defendant Scott admitted in his Answer, and his counsel has admitted in open court, that Mr. Scott purchased the stock of MEC without the knowledge of Plaintiffs May and Thompson or the other plan participants.

With respect to Defendant Scott's counterclaim for contribution among fiduciaries, there are a number of conflicting authorities on this topic and there is a split among the circuit courts. *Williams v. Provident Inv. Counsel, Inc.,* 279 F.Supp.2d 894, 898–99 (collecting differing cases). Of the circuit courts to have weighed in on this issue, the Ninth Circuit has concluded no right of contribution exists, while the Second and Seventh Circuits have concluded that a fiduciary may make a claim for contribution. *Compare Kim,* 871 F.2d at 1432–33, *with Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15–18 (2d Cir.1991),[1] *Free v. Briody,* 732 F.2d 1331, 1336–38 (7th Cir.1984).[2] The Sixth Circuit has not yet issued an opinion on this question. *McDannold v. Star Bank, N.A.,* 261 F.3d 478, 485–87 (6th Cir.2001) (remanding to the district court the question of whether a fiduciary may claim a right to contribution).

Those cases holding that a right of contribution does not exist under ERISA rely on the absence of such a right in the

---

1. The Second Circuit's opinion also resulted in a dissent from Judge Altimari, who would have held that ERISA does not provide for a right of contribution among fiduciaries. *Chemung,* 939 F.2d at 18–19.

2. The Seventh Circuit held in *Briody* in 1984 that a fiduciary may make a claim for contribution. The court restated that view without elaboration in 1991. *Lumpkin v. Envirodyne Indus., Inc.,* 933 F.2d 449, 464 (7th Cir.1991). However, some lower courts within the Seventh Circuit have questioned the foundation for the *Briody* and *Lumpkin* decisions and declined to follow them in light of the Supreme Court's discussion of ERISA in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146–47, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) ("The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a 'comprehensive and reticulated statute.' "). *Mutual Life Ins. Co. of New York v. Yampol,* 706 F.Supp. 596, 599 (N.D.Ill.1989) (finding no right of contribution under ERISA); *Plumbers Local 93 Health & Welfare Pension Fund v. DiPietro Plumbing Corp.,* 1999 WL 301666, *4–5, 1999 U.S. Dist. Lexis 6913, *15–16 (N.D.Ill. April 30, 1999) (same).

statutory scheme. Congress enacted the statute for the benefit of ERISA plans, but there is no indication that it intended to protect the fiduciaries of those plans. Although Congress adopted many other principles of trust law when it drafted the statute, it did not provide for contribution among fiduciaries. Since ERISA provides a comprehensive set of laws, these courts presume the absence of such a provision was intentional. These courts have also declined to create such a right under the auspices of the federal common law. *See, e.g., Kim,* 871 F.2d at 1432–33; *Williams,* 279 F.Supp.2d at 898–903.

The courts reaching the opposite conclusion have developed a claim for contribution using the federal common law. These courts conclude that the ERISA statute adopted many aspects of trust law and because trust law provides for a right of contribution among fiduciaries, ERISA also should incorporate this remedy and the courts may appropriately fashion such a remedy. They also note the unfairness associated with denying a right of contribution and permitting plaintiffs to seek recovery from a party that is not entirely at fault or has deep pockets. *See, e.g., Chemung,* 939 F.2d at 15–18.

■ This Court will not reinvent the wheel and rewrite the many well-reasoned opinions that have already been published on this topic, all of which appear to rely on the same authorities in arriving at one decision or the other. This Court believes the better view is that adopted by the Ninth Circuit, *Kim,* 871 F.2d at 1432–33, and the other district courts within the Sixth Circuit, *Williams,* 279 F.Supp.2d at 898–903; *Roberts v. Taussig,* 39 F.Supp.2d 1010, 1011–12 (N.D.Ohio 1999); *Daniels v. Nat'l Employee Benefit Servs., Inc.,* 877 F.Supp. 1067, 1073–74 (N.D.Ohio 1995).

This view is more consistent with ERISA's statutory scheme, which is designed to protect beneficiaries and participants of employee benefit plans, and is likely to provide more expeditious litigation for these parties. This Court concludes that ERISA does not provide for a right of contribution among fiduciaries and it is not appropriate to create such a right using federal common law.[3] The Court adopts the reasoning put forth in cases such as *Kim* and *Williams.* Accordingly, the Court GRANTS Plaintiffs' motion to strike Lawrence Scott's counterclaim and dismisses his claim for contribution.

■ The Court must also address Defendant Scott's counterclaim in his capacity as a plan participant under 29 U.S.C. § 1109. Although he maintains that he has done nothing wrong, his counterclaim argues that if his actions were improper, then Plaintiffs May and Thompson are liable to the MEC ESOP for breach of fiduciary duty because they did not discover his secret purchase of the MEC stock from the MEC ESOP sooner. Plaintiffs have not addressed this aspect of Defendant's counterclaim in their motion. Therefore, the issue is not properly before the Court and has not been sufficiently briefed by either party. The Court DENIES the motion to dismiss with respect to the counterclaim that Plaintiffs May and Thompson breached their fiduciary duties under 29 U.S.C. § 1109 to the participants of the MEC ESOP. If Plaintiffs wish to provide further briefing on this issue, they may file another motion to dismiss within ten (10) days, otherwise, they should file an answer to the counterclaim.

---

**3.** The Court also notes that Defendant Scott has not argued in favor of the creation of right of contribution under the federal common law. His brief relies entirely on the text of 29 U.S.C. §§ 1105 & 1109.