**TOLEDO BLADE NEWSPAPER UNIONS–BLADE PENSION PLAN, Plaintiff,**

v.

**INVESTMENT PERFORMANCE SERVICES, LLC, et al., Defendant.**

No. 3:04 CV 7123.

United States District Court, N.D. Ohio, Western Division.

Sept. 18, 2006.

Dennis E. Murray, Sr., Donna Jean A. Evans, Murray & Murray, Sandusky, OH, Jeffrey J. Wedel, Kimberly A. Eberwine, Squire, Sanders & Dempsey, Cleveland, OH, for Plaintiffs.

Anastasia K. Hanson, Theodore M. Rowen, Spengler Nathanson, Toledo, OH, Pete S. Michaels, Deborah G. Evans, Michaels & Ward, Boston, MA, Arthur S. Linker, Robert W. Gottlieb, Katten Muchin Rosenman, New York City, for Defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

### I. Introduction

This matter is before the Court on motions to dismiss counterclaims. In the underlying action, the Toledo Blade Unions Pension Plan ("Plan") and its Trustees, Barbara F. Gessel, Donald M. Brehmer, Richard O. Gase, and David W. Zoll ("Trustees" or "Plaintiff Trustees") allege breach of fiduciary duty by Investment Performance Services et al ("Defendants"), alleging that Defendants irresponsibly managed money in Plaintiffs' pension funds. In the form of two counterclaims, Defendants have sought to add parties who are co-fiduciaries under the plan in order to seek contribution and indemnification from the co-fiduciaries. These co-fiduciaries include the Plaintiff Trustees. Plaintiffs have filed motions to dismiss the counterclaims. Doc. No. 82, 84. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The issue is whether the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(a)(2)-(3) (1974) ("ERISA") permits the remedy of contribution among co-fiduciaries. If the remedy is so permitted, Defendants' counterclaim may proceed. If ERISA does not allow contribution among co-fiduciaries, the counterclaim must be dismissed.

For the reasons enumerated below, and more fully by other courts in this District, *Williams v. Provident*, 279 F.Supp.2d 894 (N.D.Ohio 2003) (Carr, C.J.), *Roberts v. Taussig*, 39 F.Supp.2d 1010 (N.D.Ohio 1999) (Economus, J.), and *Daniels v. National Employee Ben. Services*, 877 F.Supp. 1067 (N.D.Ohio 1995) (Aldrich, J.), this Court holds that ERISA does not provide for the remedy of contribution by co-fiduciaries, and accordingly, Plaintiffs' motions to dismiss Defendants' counterclaims are granted. Doc. No. 82, 84.

### II. Background

This action stems from claims brought by the Trustees and the Plan pursuant §§ 502(a)(2) and (a)(3) of ERISA. Amended Complaint at ¶ 1. Plaintiffs have alleged

that Defendants breached the fiduciary duties they owe to the Plan in violation of § 404 of ERISA (29 U.S.C. § 1104) by investigating, recommending, making and implementing improper investment strategies on behalf of the Plan. Amended Complaint at ¶ 33. Plaintiffs are seeking relief in excess of $5 million dollars pursuant to § 409 of ERISA (29 U.S.C. § 1109), declaratory relief, costs and attorney's fees.

On June 29, 2004, Defendants asserted a counterclaim against the Trustees alleging that, to the extent Ark and/or Norton are found liable for breach of fiduciary duty, they are entitled to contribution from Plaintiff Trustees as co-fiduciaries. Doc. No. 35. On July 14, 2005 Defendants asserted a counterclaim against the Trustees alleging that, to the extent that Investment Performances Services is found liable, it is entitled to contribution and/or indemnification from Plaintiff Trustees as co-fiduciaries. Doc. No. 80. Plaintiffs filed motions to dismiss both counterclaims. Doc. No. 82, 84.

### III. Discussion

The critical issue here is whether ERISA allows the remedy of contribution among co-fiduciaries. Courts are split on this question. The Second and Seventh Circuits, as well as numerous district courts, have held that the remedy of contribution exists under ERISA. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12 (2d Cir.1991); *Alton Memorial Hospital v. Metropolitan Life Ins. Co.,* 656 F.2d 245 (7th Cir.1981); *Site-Blauvelt Engrs. Inc. v. First Union Corp.,* 153 F.Supp.2d 707 (E.D.Pa.2001); *Cooper v. Kossan,* 993 F.Supp. 375 (E.D.Va.1998); *Green v. William Mason & Co.,* 976 F.Supp. 298 (D.N.J.1997); *Duncan v. Santaniello,* 900 F.Supp. 547 (D.Mass.1995); *Maher v. Strachan Shipping Co.,* 817 F.Supp. 43 (E.D.La.1993); *Jones v. Trevor, Stewart, Burton and Jacobsen, Inc.,*

1992 WL 252137, 1992 U.S. Dist. LEXIS 14441 (N.D.Ga.1992).

On the other hand, the Ninth Circuit and several district courts, including three Courts in this District, have held that ERISA does not provide for a right of contribution from co-fiduciaries. *Kim v. Fujikawa,* 871 F.2d 1427 (9th Cir.1989); *Williams v. Provident,* 279 F.Supp.2d 894 (N.D.Ohio 2003) (Carr, C.J.), *Roberts v. Taussig,* 39 F.Supp.2d 1010 (N.D.Ohio 1999) (Economus, J.), and *Daniels v. National Employee Ben. Services,* 877 F.Supp. 1067 (N.D.Ohio 1995) (Aldrich, J.); *Center Physicians Inc. v. Painewebber Group Inc.,* 1996 WL 622470, 1996 U.S. Dist. LEXIS 22657 (E.D.Mo.1996); *Int'l Bhd. of Painters & Allied Trades Union Pension Fund v. Duval,* 1994 WL 903314 (D.D.C.1994); *Aks v. Southgate Trust Co.,* 1992 WL 401708, 1992 U.S. Dist. LEXIS 20442 (D.Kan.1992); *Schloegel v. Boswell,* 766 F.Supp. 563 (S.D.Miss.1991); *Physicians HealthChoice v. Trs. of the Auto. Employee Benefit Trust,* 764 F.Supp. 1360 (D.Minn.1991); *Hollingshead v. Burford Equipment Co.,* 747 F.Supp. 1421 (M.D.Ala.1990); *NARDA, Inc. v. Rhode Island Hosp. Trust National Bank,* 744 F.Supp. 685 (D.Md.1990); *Franklin v. Aetna Life Insurance Co.,* 1988 U.S. Dist. LEXIS 10842 (D.S.C.1988); and *North Carolina Life & Accident & Health Ins. Guar. Ass'n v. Alcatel,* 876 F.Supp. 748 (E.D.N.C.1995).

In addition to this split of authority, and as both parties acknowledge, there is no prevailing law on this issue from the Sixth Circuit. Therefore, this Court considers the parties' arguments in light of persuasive authority from the Second, Seventh, and Ninth Circuits; the three Courts in this District to address the issue; and the numerous other districts to address the question.

## A. Arguments

In *Williams,* supra, Chief Judge Carr cites summaries of the opposing arguments in the cases that accurately reflect the arguments that the parties make in the instant action. *Williams,* 279 F.Supp.2d at 899.

> The courts that have [found a right to contribution] have based their conclusion[s] on similar reasoning. They begin by noting that courts are to be guided by principles of traditional trust law when developing federal common law under ERISA, and that trust law generally includes a right to contribution among fiduciaries. These courts then reason that, because traditional trust law includes contribution, a right to contribution exists under ERISA's federal common law. In contrast, courts that have refused to find a right to contribution or indemnification under ERISA maintain that Congress's silence on the question of contribution and indemnification, in the context of such an expansive and intricately drafted statute like ERISA, indicates an intent to preclude those remedies.

153 F.Supp.2d at 709 (citations omitted).

> The courts that have determined that no such right exists reason that ERISA provides remedies only for beneficiaries of a plan, or for a plan itself, to recover lost monies from the fiduciaries who caused the losses, and that ERISA does not provide relief for the fiduciaries themselves. Furthermore, these courts reason that the expansive and detailed nature of ERISA reflects that it was a complete expression of Congress' intent and that Congress did not intend to authorize other remedies that it did not expressly incorporate.

> \* \* \* \* \* \*

> [Courts allowing a claim for contribution] interpret Congress' silence on the issue of contribution as a reflection that it was focusing on " 'providing remedies to plan beneficiaries and participants and was content to allow gaps to be filled by the courts applying trust law.' " These courts also state that disallowing claims for contribution will frustrate ERISA's purpose of deterring plan abuse by allowing breaching fiduciaries to escape the consequences of their actions.

993 F.Supp. at 376–77 (citations omitted).

Here, Plaintiffs' arguments rely heavily on the same reasoning used in other cases, particularly those in this District. Doc. No. 83, 85. Defendants rely just as heavily on cases from courts that have ruled in favor of contribution, and on incorporating principles of trust law. Doc. No. 86, 93.

## B. Interpreting ERISA

The Supreme Court has concluded that Congress intended federal courts to "develop a federal common law of rights and obligations under ERISA-regulated plans." *Firestone v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (citations omitted). "This is, however, not a boundless grant of authority." *Williams,* 279 F.Supp.2d at 900. Courts only need develop the federal common law of ERISA when doing so is "necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." *Bollman Hat Co. v. Root,* 112 F.3d 113, 118 (3d Cir.1997).

"When Congress enacts a comprehensive legislative scheme, including an integrated system of enforcement, 'the presumption that a remedy was deliberately omitted from a statute is strongest.' " *Williams,* supra at 900, citing *Northwest Airlines v. Transport Workers Union,* 451 U.S. 77, 90–91, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). As the other Courts in this District have noted, this presumption "must be true of ERISA." *Williams,* supra at 900. The Supreme Court has de-

scribed this presumption as applied to ERISA:

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."

*Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (quoting *Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 361, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980)). *See also Mertens v. Hewitt Assocs.,* 508 U.S. 248, 254, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (ERISA's "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.") (quotations omitted); *Chemung,* supra at 19 ("Simply stated, if Congress had intended to include a right of contribution and indemnification it would have done so.") (Altimari, J., concurring in part and dissenting in part).

The underlying purpose of ERISA is "to protect ... the interests of *participants* in employee benefit plans and their *beneficiaries* ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b) (emphasis added). *See Williams,* supra at 901 (citing *Corbin v. Blankenburg,* 39 F.3d 650 (6th Cir.1994)); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities,* 823 F.Supp. 1191 (E.D.Pa.1993)

("Only those portions of trust law which complement or are necessary to explain ERISA's scheme can be spliced into the statute as federal common law.").

ERISA's purpose would not be served by allowing contribution from co-fiduciaries who are bringing a claim for breach of fiduciary duty, as in the case at hand. Defendants are seeking to include Plaintiff Trustees as counter-defendants for the same breach of fiduciary duty claim which Plaintiffs are seeking to enforce. The interest of the participants of the plan would not be helped by allowing such a counterclaim. Therefore, to deny Defendants' motion is to rule consistently with the underlying purpose of ERISA.

### C. Summary

Defendants urge that this Court incorporate trust law to find that ERISA permits a claim for contribution from co-fiduciaries. Trust law, however, is only to be used as a means of *interpreting* the complex statutory scheme of ERISA, which Congress modeled on trust law. When Congress deviated from traditional trust law in enacting ERISA, it must have done so with the intention of excluding or altering some part of trust law for the purposes of the ERISA plan context. In this case, that part is the right of contribution by co-fiduciaries. For this Court to establish that remedy would be to run contrary to the express intent of Congress in enacting ERISA to protect the interests of plan participants and beneficiaries.

### IV. Conclusion

For the reasons enumerated herein and by other Courts as described above, this Court finds that ERISA does not permit a counterclaim for contribution from co-fiduciaries. Accordingly, Plaintiffs' motions to dismiss Defendants' counterclaims are hereby granted (Doc. 82, 84).

IT IS SO ORDERED.

*JUDGMENT ENTRY*

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiffs' motions to dismiss Defendants' counterclaims are hereby granted (Doc. 82, 84).