John C. GILBERT, et al., Plaintiff,

v.

NATIONAL EMPLOYEE BENEFIT COMPANIES, INC., et al., Defendant.

No. 3:04 CV 7526.

United States District Court, N.D. Ohio, Western Division.

Dec. 22, 2006.

⚷646

Joan Torzewski, Harris, Reny & Torzewski, Toledo, OH, Roger J. McClow, Klimist, Mcknight, Sale, Mcclow & Canzano, Southfield, MI, for Plaintiff, et al.

A. Dennis Terrell, Frank Velocci, Drinker, Biddle & Reath, Florham Park, NJ, Lisa Palm Kuebler, Patricia B. Fugee, Roetzel & Andress One Seagate, Toledo, OH, Michael Reynolds, Drinker Biddle & Reath, Florham Park, NJ, for Defendant, et al.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Defendant NEBCO's counter-claim (Doc. 28); Plaintiffs' and third party defendant McClow's motions to dismiss (Doc. 43, 45); Defendant NEBCO's Response and "Motion to Dismiss" (Doc. 51); Plaintiffs' and third party defendant McClow's Replies (Doc. 61, 62); Plaintiff's Response (Doc. 67) to the "motion to dismiss;" Defendant's Reply (Doc. 69); and Plaintiffs' surreply (Doc. 73). Also pending before this Court are third party defendant McClow's and Plaintiffs' Motions for Sanctions (Doc. 46, 47); Defendant NEBCO's Response (Doc. 50); and third party defendant McClow's Reply (Doc. 63).

For the reasons discussed herein, Plaintiffs' and third party defendant McClow's motions to dismiss (Doc. 43, 45) NEBCO's counterclaim (Doc. 28) are hereby granted. Defendant NEBCO's "motion to dismiss" (Doc. 51) is hereby denied without prejudice. Plaintiffs' and third party defendant McClow's motions for sanctions (Doc. 46, 47) are hereby denied.

## Background

On June 23, 1999, Roger McClow ("third party defendant" or "McClow") filed a class action complaint in this Court against the Doehler–Jarvis companies and their parent Harvard Industries on behalf of retired employees from two plants ("the *Gilbert* class"), after the defendants announced the termination of the retirees' medical insurance plan. *Gilbert v. DoehlerJarvis*, CA No. 3:99cv7395. This Court entered a final judgment ordering the defendants to provide the *Gilbert* class with lifetime health care benefits. *Id.*

On January 15, 2002 Harvard filed a Chapter 11 bankruptcy petition and the DoehlerJarvis entities filed a Chapter 7 petition in the U.S. District Court for the District of New Jersey. McClow Dec. ¶ 7. In a settlement, the court approved the creation of two plans: the Under 65 Plan ("the Plan") and the Over 65 Plan. National Employee Benefits Companies, Inc. and Americana Financial Services, Inc. (collectively "Defendant" or "NEBCO") were chosen as administrators of the Under 65 Plan. McClow Dec. ¶ 15, Ex. C.

Retiree beneficiaries of the Under 65 Plan ("Plaintiffs") allege that, over the next approximately two years, Defendants committed several instances of mismanagement of the funds in the Plan. *See* Doc. 45–1. Plaintiffs allege that Defendant's mismanagement, up until November 2003, when NEBCO no longer controlled the Plan's assets, constituted a breach of fiduciary duty and thereby subjects Defendant to liability for its breach. Defendant has filed a counter-claim against Plaintiffs, alleging that Plaintiffs as well as McClow, who Defendant alleges was also an ERISA fiduciary, violated their fiduciary duties and should be subject to contribution and joint liability. Doc. 51 at 43–56.

## Discussion

### I. Legal Arguments

#### A. ERISA Does Not Allow Contribution Claims Against Co–Fiduciaries.

This Court has recently decided, in concordance with its sister courts in this

District, that Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 does not allow for claims of contribution by co-fiduciaries. *Toledo Blade Newspaper Unions–Blade Pension Plan v. Investment Performance Services, LLC, et al.,* 448 F.Supp.2d 871 (N.D.Ohio 2006) (Katz, J.) [hereinafter *"Toledo Blade"*]; *see also Williams v. Provident,* 279 F.Supp.2d 894 (N.D.Ohio 2003) (Carr, C.J.), *Roberts v. Taussig,* 39 F.Supp.2d 1010 (N.D.Ohio 1999) (Economus, J.), and *Daniels v. National Employee Ben. Services,* 877 F.Supp. 1067 (N.D.Ohio 1995) (Aldrich, J.).

This Court incorporates its conclusion in *Toledo Blade, supra,* in this matter:

> Defendants urge that this Court incorporate trust law to find that ERISA permits a claim for contribution from co-fiduciaries. Trust law, however, is only to be used as a means of *interpreting* the complex statutory scheme of ERISA, which Congress modeled on trust law. When Congress deviated from traditional trust law in enacting ERISA, it must have done so with the intention of excluding or altering some part of trust law for the purposes of the ERISA plan context. In this case, that part is the right of contribution by co-fiduciaries. For this Court to establish that remedy would be to run contrary to the express intent of Congress in enacting ERISA to protect the interests of plan participants and beneficiaries.

*Toledo Blade,* 448 F.Supp.2d at 875 (emphasis in original). Defendant NEBCO, as well as Plaintiffs and Third–Party Defendant McClow, make arguments similar to those discussed in *Toledo Blade, supra,* and this Court now reaches the same holding as it did in *Toledo Blade* and for the same reasons. There is no right of contribution by co-fiduciaries in ERISA. *Id.* Therefore, Defendant NEBCO's counterclaim against Plaintiffs is hereby dismissed.

**B. Former Fiduciaries Lack Standing to Sue on Behalf of a Plan Under ERISA.**

NEBCO's complaint against third party defendant McClow, Plaintiffs' attorney, is also hereby dismissed. NEBCO argues that, even if contribution from co-fiduciaries is prohibited under ERISA, NEBCO's third party claim against McClow for breach of fiduciary duty under section 405 of ERISA, 29 U.S.C. § 1105(a), should be allowed to stand.

ERISA explicitly delineates who may bring a civil action under its provisions. 29 U.S.C. § 1132(a)(2)-(3). It allows suits by "a participant, beneficiary, or fiduciary . . . ." *Id.* NEBCO's own answer to Plaintiffs' underlying complaint may be the best statement of this Court's reason for dismissing the third party claim: "Defendants NEBCO is not a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A)." Def.'s Am. Answer, Doc. 28 at 12.

However, Defendant cites *Roberts, supra,* in support of its right as a former fiduciary of the Under 65 Plan to pursue a claim for breach of fiduciary duty against McClow. In *Roberts,* the court held that "[a] fiduciary may be liable to a plan for his own breach pursuant to 29 U.S.C. § 1109, or for the breach of a co-fiduciary under specific circumstances set forth in 29 U.S.C. § 1105(a)." *Roberts,* 39 F.Supp.2d at 1011. The court went on to conclude that the defendant's third-party claim for breach of fiduciary duty was properly pled and could go forward. As the court noted in *Williams,* 279 F.Supp.2d at 904, the *Roberts* court in effect allowed former fiduciaries to proceed with a counter-claim for breach of fiduciary duty, but the court did not ad-

dress the issue in light of arguments about the standing of former fiduciaries.

As noted in *Williams,* a "former fiduciary" is not one of the parties listed as being able to bring a suit under the applicable provisions of ERISA. *Id.* at 905. "A former fiduciary is not one of the listed parties [and] has no right to sue on behalf of the plan to recover for the plan's losses. The former fiduciary 'no longer has an interest in protecting a plan to which it is now a complete stranger.'" *Id.* citing *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15 (2d Cir. 1991). *See also Blackmar v. Lichtenstein,* 603 F.2d 1306 (8th Cir.1979); *Miller v. Retirement Funding Corp.,* 953 F.Supp. 180 (W.D.Mich.1996).

■ This Court now holds that former fiduciaries do not have standing under ERISA, 29 U.S.C. § 1132(a), to bring claims for breach of fiduciary duty on behalf of a plan. Such a conclusion demonstrates fidelity to the language of ERISA, which allows only participants, beneficiaries, fiduciaries, and the Secretary of Labor to file claims on behalf of a plan. Defendant NEBCO is not a fiduciary because its relationship with the Under 65 Plan was terminated prior to the filing of this action. *See* Def.'s Am. Answer, Doc. 28 at 7. In fact, in some of Defendant's memoranda, it argues that former fiduciaries lack standing. *See* Def.'s Resp. Br., Doc. 51–1 at 62 (arguing that Plaintiffs are former fiduciaries and their claim should be dismissed, an issue this Court does not reach for reasons enumerated below). Defendant's third party claim against McClow is hereby dismissed.

### C. Defendant's "Motion to Dismiss" is Not Properly Before the Court.

■ Defendant also styles part of its response brief as a motion to dismiss the underlying claim by Plaintiffs. *See* Def.'s Resp. Br., Doc. 51–1 at 58. Defendant has not, however, formally filed a motion to dismiss with this Court, but has rather inserted arguments supporting a motion to dismiss in the midst of a flurry of other arguments on the other issues discussed in this opinion. No motion to dismiss the underlying complaint is properly before this Court. The issues with regard to the "motion to dismiss" will be therefore denied, but without prejudice. If Defendant wishes to move for dismissal of the case, it may still do so in the proper manner such that both sides have an opportunity to brief the Court on the subject

### II. Motions for Sanctions Are Denied.

■ Finally, before this Court are Plaintiffs' and McClow's motions for sanctions (Doc. 46, 47) against NEBCO. Federal Rule 11 requires that "to the best of [an attorney's or unrepresented party's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... claims, defenses, and other legal contentions [presented to the court in a paper] are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law" and "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 1 1(b)(2)-(3). If an attorney or a party violates these requirements, a district court may impose sanctions, including "an order directing payment ... of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed.R.Civ.P. 11(c)(2). However, monetary sanctions may not be imposed on represented parties for the violation of subsection (b)(2) involving unwarranted legal

contentions. Fed.R.Civ.P. 11(c)(2)(A); *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir.2002); *see also Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 384 (6th Cir.1997). The test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." *See id.*

McClow argues that Defendant acted unreasonably by making the arguments discussed above because: (1) "NEBCO clearly lacks standing to sue as a fiduciary, under settled case law," (2) "this [C]ourt has unequivocally and repeatedly rejected an ERISA claim for contribution against a co-fiduciary," and (3) NEBCO has no real claim that McClow acted as a fiduciary rather than as an advocate of the class he represented. McClow's Motion for Sanctions, Doc. 46 at 3. None of these arguments support the imposition of sanctions at this point in the litigation.

With regard to the first two issues, it is true that they have been decided and ruled upon by other courts in the Northern District of Ohio, and in both divisions. However, this Court in particular had not decided those issues until after NEBCO had filed its motions on these issues. Since then, the Court has decided *Toledo Blade, supra*, which held that ERISA does not allow contribution by co-fiduciaries. That decision was issued on September 18, 2006. *Toledo Blade, supra.* The memoranda in this case which present argument on that issue were all filed before May of 2006. *See* Docket, Case No. 04–cv–75236–DAK (N.D.Ohio). As noted in *Toledo Blade*, 448 F.Supp.2d at 873, there is a split of authority on a national basis and no clear law in the Sixth Circuit. The issue of standing by former fiduciaries was not decided by this Court until this very opinion. Prior to that, there was arguably a split even within this District,

as discussed above. *Compare Roberts*, 39 F.Supp.2d at 1011, *with Williams*, 279 F.Supp.2d at 904–05. This Court was not bound by either of those opinions. *See Ohio Civil Serv. Empl. Ass'n v. Seiter*, 858 F.2d 1171, 1175 (6th Cir.1988). Under *stare decisis*, a district court in this circuit is bound only by opinions of the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit, while other authority is advisory. *See Toledo Blade*, 448 F.Supp.2d at 873 (considering other N.D. Ohio courts' opinions as persuasive rather than mandatory). Therefore, the law was not unequivocal on those issues, and NEBCO's arguments were not unreasonable and do not warrant sanctions.

McClow's final basis for sanctions amounts to a reiteration of his legal argument on this issue. The Court does not, at this juncture, address the arguments as to whether or not McClow acted as a fiduciary, because the Court finds that NEBCO has no standing as a former fiduciary to sue McClow, so it would not matter even if he were a fiduciary. This Court will not sanction NEBCO for making a reasonable legal argument. *See* Fed.R.Civ.P. 11(c)(2)(A); *Tropf*, 289 F.3d at 939.

### Conclusion

For the reasons discussed herein, Plaintiffs' and Third Party Defendant McClow's motions to dismiss (Doc. 43, 45) NEBCO's counterclaim are hereby granted. Defendant NEBCO's motion to dismiss (Doc. 51) is hereby denied without prejudice as not properly before the Court. Plaintiffs' and Third Party Defendant McClow's motions for sanctions (Doc. 46, 47) are hereby denied.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

For the reasons stated in the Memorandum Opinion filed contemporaneously with

this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiffs' and Third Party Defendant McClow's motions to dismiss NEBCO's counterclaim are granted (Doc. 43, 45).

FURTHER ORDERED that Defendant NEBCO's "motion to dismiss" (Doc. 51) is denied without prejudice as not properly before the Court.

FURTHER ORDERED that Plaintiffs' and Third Party Defendant McClow's motions for sanctions (Doc. 46, 47) are denied